JOHN F. KLUMPP, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Fourth Department, July 3, 1917.

Railroad — negligence — injury to brakeman by catching foot in guard rail — question of fact whether evidence of plaintiff or of defendant's engineer was more probable — charge as to negligence of engineer — verdict not excessive.

In an action by a brakeman employed by the defendant to recover for personal injuries alleged to have been caused by the negligence of the defendant's engineer, *held*, that it was a fair question of fact whether the evidence of the plaintiff or the engineer was the more probable.

The mere fact that both were interested, or that the plaintiff may be more interested than the engineer, does not justify setting aside the verdict as against the weight of the evidence.

Where the jury were told that unless the engineer was negligent no recovery could be had and the plaintiff expressly disclaimed that, if the accident were solely due to the catching of his foot in the guard rail, there could be no recovery, after the refusal so to charge, such refusal does not constitute reversible error.

The plaintiff being a young and vigorous man, a verdict for $20,000 for the loss of earnings and also for the loss of a leg and the pain and suffering, is not excessive.

DE ANGELIS, J., dissented, with memorandum.

APPEAL by the defendant, The New York Central Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 16th day of January, 1917, upon the verdict of a jury for $20,000, and also from an order entered in said clerk's office on the 13th day of December, 1916, denying defendant's motion for a new trial made upon the minutes.

*Hoyt & Spratt* [*Maurice C. Spratt* and *H. W. Huntington* of counsel], for the appellant.

*Hamilton Ward*, for the respondent.

KRUSE, P. J.:

1. It seems to me that it is a fair question of fact whether the evidence of the plaintiff or the engineer was the more probable. The mere fact that both were interested, or that the plaintiff may be more interested in the result of the litigation than the engineer, hardly justifies setting aside the verdict as against the weight of the evidence. The jury and the trial judge had the advantage of seeing and hearing both of them, which we have not.

2. As to the charge, I think it very clear that the jury were told that unless the engineer was negligent no recovery could be had. That is the burden of the entire charge, and the plaintiff expressly disclaimed that if the accident were solely due to the catching of his foot in the guard rail, that there could be no recovery, after the refusal so to charge. I think such refusal does not, under the circumstances, constitute reversible error.

3. Neither am I convinced that the verdict is excessive. If it were merely the loss of earnings alone, for which the plaintiff could recover, perhaps the verdict would be too

large, but the pain and suffering, and the maimed and crippled condition of this active, young and vigorous man should not be lost sight of. The loss of a leg, even if there were no diminution in earnings at all, would in itself warrant a substantial recovery.

All concurred, except DE ANGELIS, J., who dissented in a memorandum.

DE ANGELIS, J. (dissenting):

If the testimony of the plaintiff was accepted by the jury as true, and it appears to have been so accepted, the plaintiff was entitled to recover. If the testimony of the defendant's engineer had been accepted by the jury as true, their verdict should have been for the defendant. Each was an interested witness and it is favorable to the plaintiff to say that the circumstances that might be regarded as supporting the testimony of these two witnesses were equally divided between them. The plaintiff certainly was as likely to be biased as the engineer. In such circumstances it seems to me that a verdict rendered in favor of the plaintiff on the first trial should not be permitted to stand, especially one so large.

I think the verdict is excessive.

The counsel for the defendant requested the court to charge that if the jury found that the accident was due solely to the plaintiff's catching his foot in the guard rail, there could be no recovery. The court declined to charge as requested, to which ruling an exception was taken by the defendant. While the counsel for the plaintiff attempted to break the force of this ruling when he said, " We do not claim that if the accident was solely due to the catching of his foot in the guard rail that we can recover," the response of the learned trial judge that " The request made by Mr. Powell [counsel for the defendant] was not complete," still left the jury to infer that the learned trial judge adhered to his ruling. I think this result was prejudicial to the defendant.

It follows that the judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

Judgment and order affirmed, with costs.